IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

R.M.S. LIGHTING, INC. d/b/a RMS          §
ELECTRIC, INC.,                           §
                                          §
          Plaintiff,                      §
                                          §
v.                                        §          CASE NO.: _____
                                          §
R.M.S. ELECTRIC, LLC d/b/a RMS            §
ELECTRIC,                                 §
                                          §
          Defendant.                      §

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, R. M. S. Lighting, Inc. d/b/a RMS Electric, Inc. ("RMS Electric" or "Plaintiff"), files this Original Complaint against Defendant, R.M.S. Electric, LLC d/b/a RMS Electric ("RMSE" or "Defendant"), and would show the Court as follows:

## THE PARTIES

1.     Plaintiff RMS Electric is a Texas corporation with a principal place of business at 1802 Nance Street, Houston, TX 77020.

2.     Defendant RMSE is a Texas limited liability company believed to have a principal place of business at 1806 Connorvale Rd., Tr. 5, Houston, TX 77039.  It can be served through its registered agent of record Jorge A. Ramos at 1806 Connorvale Rd., Tr. 5, Houston, TX 77039.

## JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction under 15 U.S.C. §1121 and 28 U.S.C. §1331 and 1338(a) as this Complaint includes claims arising under the Federal Lanham Act, 15 U.S.C. § 1125.  The Court has supplemental jurisdiction over Plaintiff's related state common law claim pursuant to 28 U.S.C. § 1367.

4.     This Court has personal jurisdiction over Defendant RMSE because it is a limited liability company organized in the state of Texas and has purposely availed itself of the privilege of doing business in this district by marketing and selling its services and products to customers in this district, and its violations of the Lanham Act have occurred in this district.

5.     Venue is proper in this district under 28 U.S.C. §1391(b) because RMSE resides in this district, a substantial part of the events giving rise to the claim occurred in this district, and a substantial part of the property that is the subject of this action is situated in this district.

**FACTS**

6.     Plaintiff was incorporated in Texas on April 17, 1972, and adopted the name R.M.S. Lighting, Inc. on April 17, 1973.  On January 9, 1995, Plaintiff filed an Assumed Name Certificate for the name "R.M.S. Electric, Inc."  An additional Assumed Name Certificate for the name "R.M.S. Electric, Inc." was filed with the Texas Secretary of State on March 20, 2012, and  an Assumed Name Certificate for" RMS Electric, Inc." was filed with the Texas Secretary of State on April 13, 2023.

7.     At all times between at least January 9, 1995 and today, Plaintiff has done business as R.M.S. Electric, Inc. or RMS Electric, Inc., using the name in commerce to sell electrical fittings, conduits, couplings, junction boxes, fuses, and related products throughout Texas and the United States.  Plaintiff has maintained an active internet presence through its website at rms-electric.com since at least the year 1995.  Plaintiff has generated over $150,000,000.00 in revenues through its use of the R.M.S. ELECTRIC and RMS ELECTRIC marks, and has invested substantial sums in promoting its goods throughout Texas and the United States, including direct mailings, internet research and consulting, website development, and telephone solicitation.  As result of Plaintiff's extensive and continuous of R.M.S. ELECTRIC and RMS ELECTRIC, those

2

marks have acquired secondary meaning such that vendors and customers associate those marks with Plaintiff as a source of electrical-related products. Plaintiff has priority of use of R.M.S. ELECTRIC and RMS ELECTRIC relative to Defendant.

8. On April 4, 2024, nearly thirty years after R.M.S. Lighting, Inc. began doing business as R.M.S. Electric, Inc., Jose A. Ramos filed a Certificate of Formation for a company named "R. M. S. Electric, LLC." The next day, RMSE filed an Assumed Name Certificate stating that R.M.S. Electric, LLC is or would be conducting business as R.M.S. Electric. RMSE is apparently doing business at least as an electrical contractor.

9. RMSE use of R.M.S. ELECTRIC infringes on Plaintiff's common law trademarks in R.M.S. ELECTRIC and RMS ELECTRIC. RMSE's use of R.M.S. ELECTRIC in the same geographic area as Plaintiff, with a principal place of business just twelve miles from Plaintiff's principal place of business, and in the same industry is likely to cause confusion with Plaintiff given that they both provide goods and services related to electrical contracting. RMSE's adoption of a virtually identical mark in the same industry in close geographic proximity to Plaintiff gives rise to a strong inference that it intended to trade on Plaintiff's goodwill and reputation.

10. The confusion caused by RMSE's use of R.M.S. ELECTRIC has been evidenced by at least one dissatisfied customer of RMSE contacting Plaintiff through a lawyer to complain about RMSE's work, and by a vendor of Plaintiff attempting to deliver materials to RMSE's place of business.

11. It is likely that RMSE's use of R.M.S. ELECTRIC will continue to mislead vendors and consumers into thinking that they are providing supplies to or receiving services from Plaintiff.

12. Plaintiff sent a cease and desist letter to RMSE on November 12, 2025, demanding that RMSE stop using R.M.S. ELECTRIC in connection with its electrical contracting services,

3

but RMSE did not do so.  Plaintiff again wrote RMSE through counsel on May 5, 2026 demanding that RMS stop using R.M.S. ELECTRIC by May 31, 2026, but RMSE did not do so.

13.     Defendant RMSE has continued to use the word mark R.M.S. ELECTRIC in the greater Houston metropolitan area, despite Plaintiff's extensive prior use.  Defendant's continued use of  R.M.S. ELECTRIC is likely to cause, consumer confusion, or to cause mistake, or to deceive, and to cause Plaintiff damages as a result.

14.     Defendant's use of R.M.S. ELECTRIC has also caused, or is likely to cause, confusion, or to cause mistake, or to deceive as to the origin of its goods, and constitutes a misrepresentation about the nature, characteristics, or qualities, of its services in that Defendant's use of those marks implies that its services are provided by Plaintiff.

**CAUSES OF ACTION**

**COUNT I**
**FEDERAL UNFAIR COMPETITION (15 U.S.C. §1125(a))**

15.     Plaintiff incorporates Paragraphs 1-14 herein by reference.

16.     Defendant's use of R.M.S. ELECTRIC in conjunction with its electrical contractor services constitutes false designation of origin, false or misleading description of fact, or false or misleading representations of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of RMSE with Plaintiff, or as to the origin, sponsorship, or approval of RMSE's services.

17.     Defendant's conduct is willful, intended to reap the benefit of Plaintiff's goodwill, in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. §1125(a)(1)(A).  Defendant adopted the name "R.M.S. Electric" in April 2024, nearly three decades after Plaintiff began using the same name in commerce, in the same industry, and in the same metropolitan area.  On information and belief, Defendant knew of Plaintiff's prior and extensive use of the name at the

4

time Defendant adopted its mark. Moreover, after receiving Plaintiff's cease and desist letter on November 12, 2025, and a second demand letter on May 5, 2026, Defendant continued its infringing use, demonstrating a deliberate and willful intent to trade on Plaintiff's goodwill and a reckless disregard for Plaintiff's rights. Defendant's willful infringement makes this an exceptional case warranting enhanced remedies, including treble damages and attorneys' fees under 15 U.S.C. § 1117.

18.     Defendant's conduct is likely to continue unless enjoined. Plaintiff is entitled to injunctive relief pursuant to 15 U.S.C. §1116, a destruction of all infringing articles pursuant to 15 U.S.C. §1118, and an order barring Defendant from making any further use of R.M.S. ELECTRIC, or any marks that are confusingly similar to that mark.

19.     Plaintiff is entitled to Defendant's profits, Plaintiff's damages, treble damages, the costs of this action, and attorneys' fees under 15 U.S.C. §1117.

## COUNT II
## TEXAS COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

20.     Plaintiff incorporates Paragraphs 1-19 herein by reference.

21.     Under the common law of the State of Texas, Plaintiff has acquired protectable trademark rights in the marks R.M.S. ELECTRIC and RMS ELECTRIC through continuous, exclusive, and extensive use in commerce since at least 1995. Defendant's use of the confusingly similar mark R.M.S. ELECTRIC in connection with identical services in the same geographic market is likely to cause confusion among consumers and vendors as to the source, sponsorship, or affiliation of Defendant's services with Plaintiff. Defendant's conduct constitutes trademark infringement and unfair competition under Texas common law.

22.     Plaintiff has been damaged, and Defendant has been unjustly enriched as a result

5

of Defendant's wrongful conduct.

23.     Plaintiff will continue to be damaged by Defendant's actions unless and until Defendant is enjoined from using R.M.S. ELECTRIC.  Defendant's infringing conduct has caused, and will continue to cause, irreparable harm to Plaintiff for which there is no adequate remedy at law.  Specifically, Defendant's use of R.M.S. ELECTRIC has impaired and threatens to continue to impair Plaintiff's goodwill, reputation, and the value of its marks.  Plaintiff has suffered a loss of control over its brand identity and reputation, as consumers and vendors have been confused into attributing Defendant's work — including deficient work — to Plaintiff.  This confusion has damaged Plaintiff's reputation and goodwill and, if not enjoined, will continue to do so.  In addition, Plaintiff has suffered and will continue to suffer actual economic damages, including loss of business opportunities attributable to Defendant's use of R.M.S. ELECTRIC.

## DEMAND FOR JURY TRIAL

24.     Plaintiff respectfully demands a trial by jury on all claims and issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, RMS Lighting, Inc. d/b/a RMS Electric Inc. requests relief as follows:

1.     Defendant RMSE and all of its agents be enjoined permanently from using R.M.S., RMS , RMS, or any other marks that are confusingly similar to RMS Electric's marks;

2.     Damages, including its own damages, RMSE's profits, and any unjust enrichment;

3.     Treble damages, pursuant to 15 U.S.C. §1117;

4.     A finding that this is an exceptional case and an award of RMS Electric's attorneys' fees pursuant to 15 U.S.C. §1117 or any other statute that allows for such fees;

5.     The destruction of all infringing articles;

6.     The costs of this action;

6

7.    Pre-and post-judgment interest; and

8.    Such other relief as the Court may deem just.

Dated: July 21, 2026                              Respectfully Submitted,


                                                  /s/ Keith Jaasma
                                                  KEITH JAASMA
                                                  Texas Bar No. 00794014
                                                  S.D. Tex. No. 20586
                                                  kjaasma@ewingjones.com
                                                  KATIE HAMILTON
                                                  Texas Bar No. 24144644
                                                  S.D. Tex. No. 3900501
                                                  khamilton@ewingjones.com
                                                  EWING & JONES, PLLC
                                                  6363 Woodway Drive, Suite 1000
                                                  Houston, Texas 77057
                                                  Telephone: (713) 590-9675

                                                  **ATTORNEYS FOR PLAINTIFF,
                                                  R.M.S LIGHTING, INC. d/b/a RMS
                                                  ELECTRIC, INC.**